IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                No. 16-CV-132 JAP/SMV
                                                    No. 06-CR-710 JAP

RENE MANUEL CASILLAS-PAEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court, *sua sponte*, will review Defendant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody, filed on May 16, 2016. [CV Doc. 6; CR Doc. 49.] Defendant contends that "he is not a career offender per the recent Supreme Court ruling[s]" in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). [CV Doc. 6 at 5; CR Doc. 45 at 5.] Because Defendant's sentence was enhanced in accordance with United States Sentencing Guideline (U.S.S.G.) § 4B1.1(a) based on Defendant's two prior felony controlled substances convictions – and was not enhanced under U.S.S.G. § 4B1.2's definition of a "crime of violence" or under the residual clause of 21 U.S.C. § 924(e)(2)(B)(ii) that defines a "violent felony" – Defendant's amended § 2255 motion will be dismissed, a certificate of appealability will be denied, and Final Judgment will be entered.

Defendant pleaded guilty to a count that charged a conspiracy to possess with intent to distribute five grams and more of methamphetamine, its salts, isomers, or salts of its isomers, in

violation of 21 U.S.C. § 846 and another count that charged possession with intent to distribute five grams and more of methamphetamine, its salts, isomers, or salts of isomers, in violation of 21 U.S.C. § 841(b)(1)(B). [CR Docs. 26, 34.] The Court sentenced Defendant to 180 months of imprisonment on each count, the terms to run concurrently. [CR Doc. 34.] The Court adopted the findings in the Presentence Investigation Report (PSR), which enhanced Defendant's sentence under the career-offender provision of the United States Sentencing Guidelines. *See* U.S.S.G. § 4B1.1.[1] Specifically, the PSR determined that Defendant was a career offender "due to two prior convictions for controlled substance offenses," (1) a July 1, 1997 conviction for Controlled or Counterfeit Substances, Distribution Prohibited, Possession of Marijuana with Intent to Distribute, in the Luna County, District Court, New Mexico, CR 97-0072 and (2) a May 6, 2005 conviction for Controlled or Counterfeit Substances, Possession of Marijuana with Intent to Distribute, in the Luna County, District Court, New Mexico, CR 04-0145. [PSR at 8]. On December 1, 2006, the Court entered judgment on Defendant's conviction and sentence. [CR Doc. 34.]

On May 16, 2016, Defendant filed his amended § 2255 motion, in which he alleges that the imposition of the career-offender enhancement in U.S.S.G. § 4B1.1 is unconstitutional under the United States Supreme Court's recent rulings in *Johnson* and *Welch.* In *Johnson*, the Supreme Court considered whether the residual clause of the Armed Career Criminal Act (ACCA) violates the due process clause of the United States Constitution. In general, the maximum term of imprisonment for a defendant convicted of being a felon in possession of a firearm is ten years. *See* 18 U.S.C. § 924(a)(2). "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act

---

[1] All citations to the United States Sentencing Guidelines are to the 2006 version of the Guidelines, which was in effect on the date Defendant was sentenced. *See* U.S.S.G. 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."); [CR Doc. 32].

increases his prison term to a minimum of 15 years and a maximum of life." *Johnson*, 135 S. Ct. at 2555 (quoting § 924(e)(1)). The ACCA defines a "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i)       has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii)      is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B) (emphasis added). In *Johnson*, the Supreme Court held that the residual clause of § 924(e)(2)(B)(ii), the italicized portion excerpted above, "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. Recently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court made *Johnson's* holding retroactive to cases on collateral review.

       In the present case, Defendant's sentence was not enhanced under the ACCA, but instead under the career-offender provision in U.S.S.G. § 4B1.1, which contains a residual clause virtually identical to that invalidated in *Johnson*. Notably, under *Johnson* and *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015), only the *residual clause* of the ACCA and the career-offender provision of the U.S.S.G., both of which define a "violent felony" or a "crime of violence," respectively, as a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another," are unconstitutionally vague. *See* 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a)(2). In the present case, Defendant's sentence was not enhanced on the basis of the definition of a "crime of violence" in the U.S.S.G., much less under

the residual clause of that definition. Rather, Defendant's sentence was enhanced because he had two prior felony convictions of "a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Neither *Johnson* nor *Madrid* invalidated the definition of a "serious drug offense" under the ACCA, *see* 18 U.S.C. § 924(e)(2)(A), or the definition of a "controlled substance offense" under the career-offender provision of the U.S.S.G., *see* U.S.S.G. § 4B1.2(b). Therefore, Defendant is not entitled to relief on his amended § 2255 motion.

The Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody [CV Doc. 6; CR Doc. 49] is DISMISSED with prejudice; a certificate of appealability is DENIED; and Final Judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE